DECISION.
After police officers, summoned by his wife, talked defendant-appellant Lawrence Kristofferson out of a locked bedroom where he was threatening to commit suicide, he was arrested and charged with inducing panic, in violation of R.C. 2917.31(A)(2). At a bench trial in Hamilton County Municipal Court, the court convicted Kristofferson after sua sponte
amending the complaint to allege a violation of R.C. 2917.31(A)(3) following the conclusion of the state's case. In three assignments of error, Kristofferson now claims that the trial court erred by changing the nature and identity of the charged offense, and by convicting him on insufficient evidence. Because the state's evidence was insufficient, the judgment of conviction is reversed and Kristofferson is discharged.
In the late hours of March 6, 2001, an intoxicated Kristofferson awakened his wife from bed after discovering the name and telephone number of a divorce attorney in her purse. After a turbulent verbal confrontation, Kristofferson exclaimed that he would be better off dead and put his finger to his head as if attempting suicide with a gun. His son began pleading with him to return to bed. Kristofferson went to his bedroom and retrieved a handgun. Passing his son and wife, he walked into the living room. He dressed and then locked himself in a bedroom.
Mrs. Kristofferson and her son left and summoned the police from her cellular phone. Shortly thereafter, police arrived at the Kristofferson home, identified themselves, and requested that Kristofferson come out. After a brief exchange of words and within two or three minutes, Kristofferson came out of the bedroom and surrendered. A total of eight to ten minutes had elapsed between the officers' arrival and Kristofferson's arrest. The officers transported Kristofferson to University Hospital for a psychiatric observation. They also charged him with inducing panic pursuant to R.C. 2917.31(A)(2), which states, "No person shall * * * otherwise cause serious public inconvenience or alarm, by * * * [t]hreatening to commit any offense of violence."
At trial, the state called Kristofferson's wife and son and the two arresting officers as witnesses. At the completion of the state's case, Kristofferson rested and moved for a judgment of acquittal pursuant to Crim.R. 29. He argued that the state had not proved that he had threatened to commit an offense of violence, which is an essential element of R.C. 2917.31(A)(2). The only evidence of a threat was his own threat of suicide. As suicide is not a criminal offense, an attempt or threat of suicide does not satisfy the definition of an "offense or violence" in R.C. 2901.01(A)(9). Kristofferson also argued there was no showing of serious public inconvenience or alarm. The state urged that inconvenience to the responding officers was sufficient proof to satisfy the statute.
Before ruling on the motion for acquittal, the trial court sua sponte
amended the complaint from inducing panic in subdivision (A)(2) to inducing panic in violation of R.C. 2917.31(A)(3). See Crim.R. 7. The offense-of-violence element is replaced, in the latter subdivision, by a requirement that the offender cause serious public inconvenience by "[c]ommitting any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm."
The trial court overruled Kristofferson's Crim.R. 29 motion and permitted him to offer a defense. He again chose to rest without offering evidence and renewed the motion for a judgment of acquittal. The trial court then inquired, for the first time, whether the state had any objection to the amendment. It did not. The trial court again overruled Kristofferson's Crim.R. 29 motion.
After closing argument, the trial court entered a finding of guilty to a violation of R.C. 2917.31(A)(3). The court then imposed a suspended sentence of one hundred days' confinement, with seven days' credit for time served, placed Kristofferson on probation for one year, with the condition that he stay away from his wife and son for two months, and imposed a fine of $120 and court costs.
In his third assignment of error, Kristofferson contends that the evidence was insufficient to sustain his conviction for inducing panic as amended by the trial court. The United States Constitution prohibits the criminal conviction of any person except upon proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt. See In reWinship (1970), 397 U.S. 358, 90 S.Ct. 1068. As the Ohio Supreme Court has explained in State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546, "sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a [judgment] is a question of law."
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See State v. Waddy
(1991), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
Based upon a review of the record, there is no evidence that Kristofferson caused a serious public inconvenience or alarm. His conduct involved his family and occurred within the privacy of his own home. It was not the kind of conduct that the inducing-panic statute was intended to prohibit, such as causing an airport terminal or other public place to be evacuated by sending "the customers to scurry for the exits." 1974 Committee Comment to H.B. No. 511, amending R.C. 2917.31. In State v.Miller (1980), 67 Ohio App.2d 127, 426 N.E.2d 497, the Third Appellate District held that a peace officer who had not been threatened or attacked could not be "inconvenienced" by performing his duty of enforcing the law. As the Hamilton County Municipal Court did in Statev. Cordell (1992), 62 Ohio Misc.2d 542, 546, 604 N.E.2d 1389, 1392, we adopt the rationale of the Miller court and apply it to the facts of this case.
There is no evidence of record that Kristofferson threatened the officers or pointed his gun at them. The officers, acting in their official capacity, thus could not have been "inconvenienced" within the contemplation of R.C. 2917.31(A), simply because they had responded to his residence as their duties required them to do. As there was no evidence that Kristofferson had caused any public inconvenience, the state did not prove the essential elements of inducing panic, in violation of R.C. 2917.31(A)(3), beyond a reasonable doubt.
For the same reason, Kristofferson could not have been convicted under the R.C. 2917.31(A)(2) charge originally stated in the complaint. Accordingly, the third assignment of error is sustained.
The resolution of Kristofferson's third assignment has rendered the first and second assignments of error, in which he challenges the trial court's authority to amend the charge from R.C. 2917.31(A)(2) to R.C.2917.31(A)(3), moot. See App.R. 12(A)(1)(c).
Therefore, the judgment of the trial court is reversed, and Kristofferson is discharged from further prosecution in this case.
Judgment reversed and appellant discharged.
Gorman, P.J., Painter and Sundermann, JJ.